# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2021

Lyle W. Cayce
Clerk

No. 21-10042
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BO JACK KELLEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CR-54-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Bo Jack Kelley appeals his within-guidelines sentence of 360 months of imprisonment and 20 years of supervised release imposed following a guilty plea conviction for production of child pornography in violation of 18 U.S.C. § 2251(a). Kelley argues that the district court plainly erred by using

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10042

facts not included in the indictment to determine the minimum and maximum reasonable sentence in violation of the Fifth Amendment. He concedes, however, that his claim is foreclosed by *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013), but he wishes to preserve his claim for further review. The Government has moved, unopposed, for summary affirmance or, alternatively, for an extension of time to file a brief on the merits.

In *Tuma*, this court held that a district court may make findings of fact that increase a defendant's sentence if those facts do not expose the defendant to an increased mandatory minimum sentence. *Id.* Here, the judicial factfinding influenced only the advisory guidelines range and did not alter the mandatory minimum sentence; the factfinding was thus within the discretion of the district court. *See id.* Furthermore, Kelley's sentence did not exceed the statutory maximum term of imprisonment. Consequently, as Kelley concedes and the Government asserts, his argument is foreclosed, such that "there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), and summary affirmance is proper.

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.